**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**SANDRA FORD-FISHER,**

      **Plaintiff,**

**v.**                                                      **Civil Action No. 2:06cv575**


**TRACY L. STONE,**
**CELADON TRUCKING SERVICES, INC.**
**a/k/a Celadon Trucking Service, Inc.,**
**and**
**CELADON GROUP, INC.,**

      **Defendants.**

## ORDER AND OPINION

This matter is before the court on the plaintiff's Motion to Remand. The court has considered the briefs and record, and has weighed the oral argument in determining whether it possesses subject matter jurisdiction over the plaintiff's claim. For the reasons stated herein, the plaintiff's motion is **DENIED**.

I. Factual Background

According to the complaint, the plaintiff, Sandra Ford-Fisher, was driving on Interstate 264 in the City of Virginia Beach, Virginia, on December 8, 2003, when defendant Tracy L. Stone, who was operating his vehicle behind the plaintiff's car, collided with the rear of another vehicle, causing the other vehicle to collide with the rear of the plaintiff's vehicle. Defendant Stone was an employee of defendant Celadon Trucking Service, Inc., which is a subsidiary of defendant Celadon Group, Inc.

II.  Procedural History

On November 4, 2005, the plaintiff instituted the instant action by filing a motion for

judgment in the Circuit Court for the City of Norfolk, Virginia.  However, the defendants were

not served with process until more than ten months later: defendant Celadon Trucking was

served on September 22, 2006, defendant Stone was served on September 25, 2006, and

defendant Celadon Group was served on October 13, 2006.  The plaintiff requested damages for

personal injury in the amount of $25,000, but noted that some damages were attributed to "future

physical pain and mental anguish . . . future inconveniences . . . future medical expenses . . .

[and] future lost earnings."  (Motion for Judgment, ¶8B, C-F).  On October 12, 2006, the

defendants removed the case to this court and filed a notice of removal, in which they indicated

that, although the plaintiff's putative demand is $25,000, on information and belief the amount in

controversy exceeds $75,000.  According to the defendants, then, this court has jurisdiction over

this case on the basis of diversity of citizenship, as defendant Stone is a citizen of Georgia,

defendant Celadon Trucking is a citizen of New Jersey and Indiana, and defendant Celadon

Group is a citizen of Delaware and Indiana.  The defendants argued that a previous settlement

letter sent by the plaintiff requested a sum in excess of $75,000, and that the defendants had been

informed that the plaintiff's medical expenses had recently topped $30,000.

On November 2, 2006, the plaintiff filed a motion to remand.  The plaintiff alleged that

the case was improperly removed from state court and that this court is without subject matter

jurisdiction to adjudicate it, because the plaintiff's ad damnum clause is only $25,000.  Although

the plaintiff acknowledged that she incurred additional medical expenses, and did offer to settle

2

the matter for an amount higher than $75,000, the plaintiff averred that removal was still inappropriate because she is limited to recovery of $25,000 in state court.  The defendants filed a response on November 15, 2006, in which they argued that, given the totality of the circumstances, the evidence indicates that the plaintiff will attempt to recover an amount in excess of $75,000 in this case, and that therefore jurisdiction in this court is appropriate.  Further, the defendants argue that the settlement offer made by the plaintiff before the case was filed, for $300,000, constitutes "other paper" within the meaning of 28 U.S.C. § 1446(b), and therefore the case is removable.  The defendants attached to their response a copy of the settlement offer, dated May 26, 2005, in which the plaintiff's counsel offers to settle the case with the defendants' insurer for $300,000.  (Defendants' Brief in Opposition to Plaintiff's Motion to Remand, Exhibit 1).  The defendants have offered to withdraw their opposition to remand if the plaintiff will stipulate that she will not seek to recover more than $75,000.

The defendants also, after filing a motion for leave to file a supplemental response brief, filed such a brief on November 21, 2006, directing the court's attention to a recent case discussing the one-year requirement for removal under 28 U.S.C. § 1446(b).  See O'Quinn v. CNH America, LLC, 457 F.Supp.2d 678 (E.D. Va. 2006) (determining that an action in Virginia is "commenced" when a motion for judgment is filed in the state court clerk's office, not when the defendant is served with process).  The defendants attached to their supplemental response brief a document entitled "Medicals and Specials," which purports to enumerate the various medical expenses that the plaintiff has incurred as a result of her injuries.  (Defendants' Supplemental Brief in Opposition to Plaintiff's Motion to Remand, Exhibit 2).  Said document indicates that the plaintiff's total medical bills and lost wages were, at the time of its creation,

3

$30,673.12.

The plaintiff filed a reply brief on November 22, 2006, wherein she asserted her right to amend the ad damnum clause up to the day of the trial, and noted that she could not stipulate to an amount of damages because treatment is ongoing. On January 17, 2007, after hearing argument on the plaintiff's motion to remand, the court denied the motion and informed the parties that this written order and opinion would follow.

III.  Standard of Review

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). If a federal court determines that it lacks subject matter jurisdiction over a case that has been removed from state court, it must remand that case back to state court. See 28 U.S.C. § 1447(c). Ordinarily, if a case is remanded back to state court, the defendant forever loses his right to a federal forum as well as any possibility of a review of the court's decision to remand. See 28 U.S.C. § 1447(d). "[T]he Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals." Alabama Great S. Ry. Co. v. Thompson, 200 U.S. 206, 218 (1906). This court therefore will scrutinize every attempt to deprive a defendant of his right to a federal forum, and will only remand if it is clear that jurisdiction is improper at the federal level.

A federal court is vested with jurisdiction over a case on the basis of diversity of citizenship if the requirements of 28 U.S.C. § 1332 are met. Specifically, there must be complete diversity of the parties and the amount in controversy must exceed the sum of $75,000. Id. 28

4

U.S.C. § 1446 provides the procedure for removal, and indicates, in relevant part, that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action."  28 U.S.C. § 1446(b).  This court recently addressed the significant of the phrase "commencement of the action" with respect to Virginia law.  See O'Quinn v. CNH America, LLC, 457 F.Supp.2d 678 (E.D. Va. 2006).  In O'Quinn, the court stated that "a defendant must remove an action based on diversity jurisdiction within one year from the time the plaintiff has filed a motion for judgment in state court" or the defendant would lose his right to removal.  Id. at 682.  Noting that Rule 3:3 of the Rules of the Supreme Court of Virginia define the commencement of an action as the "filing in the clerk's office [of] a motion for judgment," the court found that "the one-year limitation period of § 1446(b) begins to run on the date a party files a motion for judgment in the clerk's office, not the date the defendant was served."  Id. at 683.  As was noted in O'Quinn, there is no clear Fourth Circuit precedent on this issue, but the Fourth Circuit has noted that the one-year limitation is an "absolute bar to removal of cases" beyond one year after the commencement of the action.  Id.  Cf. Lovern v. Gen. Motors Corp., 121 F.3d 161, 163 (4th Cir. 1997).

In determining whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, and therefore whether a case is removable, this court is guided by its previous decisions applying the "totality of the circumstances" test.  Schwenk v. Cobra Mfg. Co., 322 F.Supp.2d 676 (E.D. Va. 2004); Lien v. H.E.R.C. Prods., Inc., 8 F.Supp.2d 531 (E.D. Va. 1997).  If, by a preponderance of the evidence, the defendants prove that the totality of circumstances indicates that the plaintiff is seeking to recover more than $75,000, the court should deny the plaintiff's motion to remand.  Among the circumstances to be considered are the damages pled by the

5

plaintiff in her state action, the plaintiff's refusal to stipulate to the amount of damages at issue, and the severity of the injuries as alleged in the state complaint.  Schwenk, 322 F.Supp.2d at 678-79.

IV.  Analysis

The central dispute in this case is whether the plaintiff intends to seek more than $75,000 in damages from the defendants.  Should the court determine that the totality of the evidence demonstrates that this result is more likely than not, the motion for remand should be denied.  On the other hand, if the totality of the circumstances indicates that the plaintiff's damages, although not $25,000, will be $75,000 or less, the case should properly be remanded.

The defendants argue that the plaintiff's actions plainly indicate that she plans to seek more than $75,000.  Although the plaintiff continues to stand by her ad damnum clause of $25,000 in state court, her insistence is belied by her settlement letter, which requested $300,000 to settle her claims.  Such an offer is indicative of the fact that the plaintiff believes that her case is worth more than $75,000.[1]  That the settlement offer was made in May 2005, six months prior to the filing of the motion for judgment, is not evidence that it is entitled to less credibility.

Additionally, the plaintiff has clearly indicated to the defendants that her medical

---

[1]It should be noted that in some cases a party might inflate their claims, known as "puffing," for the purposes of settlement.  See Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 45 (M.D. N.C. 1997) (acknowledging settlement letter as mere puffing and remanding case upon finding that claims did not exceed jurisdictional minimum).  However, just as often parties strategically make an offer for settlement discounting what they would seek if forced to go to trial.  See Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D. W.Va. 1994) (noting plaintiff's $45,000.00 settlement offer, and still finding that jurisdictional minimum was satisfied). While the court cannot say with certainty which occurred in this case, based on the fact that the offer was significantly in excess of $75,000, the court is inclined to believe that the plaintiff's $300,000.00 offer to settle was not entirely "puffing."

expenses have already exceeded $30,000.  That figure alone is in excess of the damages claimed

in her motion for judgment.  In fact, the plaintiff's counsel admitted at oral argument that the

plaintiff was prepared to file an amended motion for judgment with an increased ad damnum

clause at the time the defendants removed the case to this court.  The plaintiff had planned to

seek $450,000 in damages had the case not been removed to this court before such amendment

could be filed.[2]  The plaintiff argues that she was never given the <u>opportunity</u> to amend her ad

damnum clause in state court, because the case was removed, and therefore the fact remains that

the only document filed with a court indicating an amount of damages is the original motion for

judgment, which seeks only $25,000.  When pressed by the court, however, plaintiff's counsel

admitted that, had the case been removed by the defendants one day after–as opposed to one day

before–the day on which the ad damnum was to have been amended, there would be little

argument that the removal was proper, and the case could properly remain in federal court.  The

plaintiff's candid admission that she was prepared to seek $450,000 in state court, coupled with

the her refusal to stipulate that her damages will not exceed $75,000, provides convincing

evidence that the plaintiff has valued this case in an amount exceeding $75,000, and therefore

that this court may properly assert jurisdiction over the action.

The plaintiff's motion for judgment also alleges permanent injuries and disfigurement,

and clearly requests compensation for future pain and suffering, future lost wages, and future

medical expenses.  Such allegations coupled with the fact that the plaintiff's medical expenses

---

[2]Although a plaintiff in federal court is not limited to recovery of the amount of damages specifically pled in the complaint, <u>see</u> <u>Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond</u>, 80 F.3d 895, 900 (4th Cir. 1996), the same is not true for Virginia state courts, where a plaintiff cannot recover more than the amount sued for.  <u>See, e.g.</u>, <u>Powell v. Sears, Roebuck & Co.</u>, 231 Va. 464, 469 (1986).

already exceed $30,000 and–by the plaintiff's own admission–continue to increase indicate that the plaintiff's ad damnum clause does not accurately reflect the value of the litigation.  In <u>Broglie v. MacKay-Smith</u>, 541 F.2d 453 (4th Cir. 1976), the court held that "damages which the plaintiff claims will accrue in the future are properly counted against the jurisdictional amount if a right to future payments . . . will be adjudged in the present suit."  <u>Id.</u> at 455 (quoting Moore's Federal Practice at 904).   The court found that although the actual dollar figure requested by plaintiff did not exceed the jurisdictional amount, the jurisdictional minimum was satisfied based on the allegation of continuing damages.  <u>Id.</u>; <u>see also</u> <u>Aetna Casualty & Surety Co. v. Flowers</u>, 330 U.S. 464 (1947) (finding that where an entire contract, including the right to future payments, is at issue, then the amount in controversy includes the amount the plaintiff could receive); <u>William B. Tanner Co. v. Cameron Radio, Inc.</u>, 617 F.2d 169, 173 (8th Cir. 1980) ("Where, however, suit involves total breach of contract, affecting both present and future liability, it is proper to consider the whole value of the contract.").  The <u>Broglie</u> court noted that to establish jurisdiction based on diversity, a plaintiff may "include as part of the amount in controversy costs which will not be incurred until after the suit is ended."  541 F.2d at 455 (citing <u>W. & Atl. R.R. v. R.R. Comm'n of GA</u>, 261 U.S. 264 (1923)).

    The defendants point to the timing of the original filing and service by the plaintiff, and argue that it supports their suspicion that the plaintiff is simply attempting an end run around the removal statute.  According to the defendants, the plaintiff's dilatory tactics in filing her motion for judgment in November 2005 but not serving the defendants until at least ten months later were designed to make the one-year removal period expire before she amended her ad damnum clause to increase the amount sought above $75,000.  The defendants argue that because, at the

present time, the one-year removal period has expired, they will be unable to remove the case again if the court remands it to state court and the plaintiff increases her claim for damages above $75,000.  Under the reasoning in O'Quinn, this analysis is accurate.  The defendants' claim is, therefore, that the plaintiff delayed in serving them with process in an effort to allow the one-year limitations period to pass before amending her ad damnum clause.  Therefore, the defendants aver, should the court remand the case at this time, it would be playing into the plaintiff's strategy of denying the defendants their right to litigate in federal court.

The defendants further indicate that they are willing to drop their opposition to remand the case if the plaintiff will stipulate on the record that she will not seek damages in excess of $75,000.  The plaintiff, however, declined in her response brief to make such a stipulation, and declined again at oral argument, thus providing further circumstantial evidence that the plaintiff intends to increase her ad damnum clause beyond $75,000 should this case be remanded back to state court.  The defendants also have provided the court with a copy of requests for admission they served upon the plaintiff, which indicate that the plaintiff is noncommital about her plans to amend the ad damnum clause.  (Defendants' Brief in Opposition to Plaintiff's Motion to Remand, Exhibit 2).

The defendants also claim that, based on a construction of the language of 28 U.S.C. § 1446(b), the plaintiff's settlement offer constitutes "other paper" such that the requirement of the statute is satisfied on its face.  The statute permits removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," with the limitation that no case may be removed after one year from the

commencement of the action.  28 U.S.C. § 1446(b).  The Fourth Circuit has held that the statute

"is broad enough to include any information received by the defendant, whether communicated

in a formal or informal manner."  Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996)

(internal quotation omitted).  And another district court in this circuit has specifically ruled that a

written offer of settlement constitutes "other paper."  Rodgers v. Northwestern Mut. Life Ins.

Co., 952 F.Supp. 325, 327 (W.D. Va. 1997).  In this case the settlement offer is dated May 26,

2005, and although it is unclear when the defendants actually received the offer, the parties are in

agreement that it was received in advance of the initial filing of the lawsuit in state court, at

which point the defendants simply could not have removed the action to federal court, because

no had action had been filed and the defendants had not even received a courtesy copy of the

motion for judgment.  Once the defendants were formally served, they proceeded to exercise

their power of removal within thirty days, armed with the settlement offer of $300,000 as "other

paper."  Therefore, the removal was properly effected in reliance upon "other paper" that

indicated the plaintiff was seeking in excess of $75,000.  Cf. id.

The plaintiff, for her part, repeatedly asserts that remand is required where, as here, the

only claim for damages that is on the record is her ad damnum clause in state court, $25,000.

The plaintiff contrasts her situation with both Schwenk and Lien, arguing that the totality of the

circumstances in those cases warranted a finding that the federal court had jurisdiction, whereas

the totality of circumstances in this case falls short of the preponderance of the evidence

standard.  At issue in Lien was the value of commissions that the plaintiff had anticipated to

receive on a contract he negotiated for the defendant, his employer, with the US Navy.  Lien, 8

F.Supp.2d at 532.  The plaintiff's motion for judgment in state court indicated that he sought

"$33,355.00 plus such further commissions that come due as of the date of trial, with the right to sue for additional commissions as they come due over the life of the $17.5 million dollar [sic] Navy contract." Id. (internal quotation omitted). At some point during settlement negotiations, the plaintiff indicated that he would be willing to accept $80,000 in settlement of his claim. After that, the defendant removed the case to federal court on the basis of diversity of citizenship, and the plaintiff filed a motion to remand. Id.

The court addressed the issue of whether the controversy implicated merely the $33,355 which the plaintiff sought in his complaint or the total value of expected commissions over the life of the contract, conservatively estimated at $500,000. Id. at 533. The court considered the totality of the evidence before it–including the wording of the plaintiff's motion for judgment and his settlement offer–and held that the defendant had demonstrated by a preponderance of the evidence that the value of the controversy in the case exceeded $75,000. Id. at 535. Significantly, the court noted that the plaintiff could have, but did not, offer to stipulate that his damages would not exceed $75,000. Id. at 534 n.5. See also Gwyn v. Wal-Mart Stores, Inc., 955 F.Supp. 44, 46 (M.D. N.C. 1997) (noting that although a court's diversity jurisdiction is ordinarily determined by the amount pled on the complaint, a post-removal stipulation can be considered by courts in determining whether remand is appropriate).

Adopting the rationale of Lien, the court in Schwenk also denied a motion for remand where the plaintiff's state court claim was for $74,000. 322 F.Supp.2d at 677. There, the plaintiff had been served with a request for admission and a proposed stipulation that the total damages the plaintiff sought to recover did not exceed $75,000. The plaintiff objected to the request for admission and admitted only that the amount he had sued for was $74,000 but

reserved a right to amend his complaint at some future time.  Id.  The defendant removed the case
to federal court, where the plaintiff filed a motion to remand for lack of jurisdiction, arguing that
the amount in controversy requirement had not been satisfied.  Id.  Noting that the plaintiff's
attorney had admitted his intention "to amend the ad damnum clause . . . at some future date to
an amount in excess of $75,000, as much as six million dollars," the court found ample evidence
to indicate that the actual amount in controversy exceeded $75,000, and therefore that remand
was improper.  Id. at 679.

        The plaintiff attempts to distinguish the facts of the instant case from those in Lien and
Schwenk.  However, it is clear that the instant case is closely analogous to both Lien and
Schwenk.  The plaintiff has candidly admitted that her plan was to move to amend her ad
damnum clause to $450,000.  Further, the opening settlement offer from the plaintiff was for
$300,000.  The plaintiff has acknowledged that her injuries are still not fully known, and has
averred that medical treatment is continuing, even several years after the accident.  With medical
damages that have already surpassed the plaintiff's damages claim of $25,000, and a claim for
disfigurement and permanent injuries, it is clear that, under the totality of the circumstances, the
defendants have demonstrated by preponderance of the evidence that the plaintiff seeks recovery
in excess of $75,000.  Therefore, the jurisdictional limit has been met, and remand is improper.

V.  Conclusion

        Because the totality of the circumstances demonstrates that the plaintiff intends to seek
recovery in excess of $75,000, this court possesses jurisdiction to resolve the parties' dispute.
Therefore, as stated on the record at oral argument, the court **DENIES** the plaintiff's motion to
remand.

The Clerk is **REQUESTED** to mail copies of this Order to counsel for all parties.

**IT IS SO ORDERED.**


                                        _____/s/_____
                                        Jerome B. Friedman
                                        UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 22, 2007